

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERGUN SHADOYAN**<br>1511 Gregg Street, Unit B<br>Philadelphia, PA 19115<br><br>Plaintiff(s)<br>v.<br><br>**MERCANTILE ADJUSTMENT BUREAU, LLC**<br>6390 Main Street, Suite 160<br>Williamsville, NY 14221<br><br>Defendant | No.: 13  7615<br><br>Jury Trial Demanded |

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by consumer(s) for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Venue is proper in accordance with 28 U.S.C. Section 1391(b).

4. Defendant obtains the benefit(s) of regularly transacting business in Philadelphia County in the Commonwealth of Pennsylvania.

5. Defendant regularly transacts business in the county of Philadelphia in the Commonwealth of Pennsylvania.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

7. Plaintiff is Tegrun Shadoyan, an adult individual with a current address of 1511 Gregg Street, Unit B, Philadelphia, PA 19115.

8. Defendant(s) is Mercantile Adjustment Bureau, LLC, a business engaged in consumer debt collection with a principle place of business located at 6390 Main Street, Sutie 160, Williamsville, NY 14221.

## FACTUAL BACKGROUND

9. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

10. On or about November 15, 2013, within 365 days from the date of the filing of this Complaint, Defendant called on several occasions Plaintiff, Tagrun Shadoyan, x-wife's (Nadiya Litovska) cellular phone number 267-474-5152. (See attached copy of cell phone screen picture, Exhibit "A")

11. Defendant was attempting to collect an alleged debt of Plaintiff Targun Shadoyan and left the following message on, his x-wife's, ( Nadiya Litovska) cellular phone:

*"Hi, this message is solely for Tegrun. If you are not Tegrun please disconnect the call. By continuing to listen you acknowledge you are. My name is Tia Race, my contact number is 866-851-0083, my extension is 8262. I am mandated to inform you that this communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used solely for that purpose."* (To be produced at trial.)

12. Defendant disclosed to third party/ies that this matter was debt related.

13. Defendant failed to provide meaningful disclosure of identity, specifically the name of the Defendant company, Mercantile Adjustment Bureau, was not disclosed.

## COUNT I
## VIOLATION OF THE FDCPA
## 15 USC 1692 et. seq.

14. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

15. Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692a(3).

16. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

17. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt" against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

18. Defendant violated the FDCPA, 15 U.S.C Sections, 1692c(b), 1692d, 1692d(6), 1692e(10), and 1692f in the following manner:

      (a) Communicating with Third Parties;
      (b) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;
      (c) Failing to provide meaningful disclosure of caller's identity;

   (d) Using false representation or deceptive manes to collect or attempt to collect any debt or to obtain information concerning a consumer; and

   (e) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

19. The FDCPA is a strict liability statue and "because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages. <u>Taylor v. Perrin, Landry, deLaunay & Durand,</u> 103 F.3d 1232 (5th Cir. 1997); <u>Russell v. Equifax A.R.S.,</u> 74 F.3d 30 (2d Cir. 1996).

20. Defendant engaged in per se violations of the FDCPA Sections 1692c(b), 1692d, 1692d(6), 1692e(10), and 1692f.

21. Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

22. Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

23. Defendant is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant's agents were acting within the scope of their employment with Defendant.

24. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

25. Any mistake made by Defendant would have included a mistake of Law.

26. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

28. Defendant intentionally interfered, physically or otherwise with the solitude, seclusion and or private concerns of affairs of the Plaintiff, Tergrun Shadoyan.

29. Defendant intentionally caused harm to Plaintiff, Tergrun Shadoyan's, emotional well-being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

30. Plaintiff, Tegrun Shadoyan, had a reasonable expectation of privacy in Plaintiff's solitude, seclusion and/or private concerns or affairs.

31. The intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

As a result of such invasions of privacy Plaintiff, Tagrun Shadoyan, is entitled to actual damages in an amount to be determined at trial from the Defendant.

## COUNT III
## VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. Section 201-1, et seq.

32. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

33. The Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act constitutes per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

34. The Defendant's acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

35. As a result of the Defendant's violations the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## DAMAGES

36. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

37. Defendant is liable to Plaintiff for money damages pursuant to 15 U.S.C. Sections1692k(a)(1), 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. Section 1692k(a)(3).

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a) Actual damages, including but not limited to phone, fax, stationary, postage, etc. pursuant to 15 U.S.C. Section 1692k(a)(1);

(b) Statutory Damages pursuant to 15 U.S.C. Section 1692k(a)(2)(A) - $1,000.00;

(c) $5,000.00 for Emotional Distress, Humiliation, Embarrassment and Anxiety;

(d) Attorney's Fees and costs pursuant to 15 U.S.C. Section 1692 k(a)(3) and 73 P.S. Section 2270.5 against the Defendant. Attorneys' fees are calculated at a rate of $350.00 per hour;

(e) Statutory damages pursuant to 73 P.S. Section 2270.5(c);

(f)     Actual Damages pursuant to 73 P.S. Section 201-9.2(a);

(g)     Statutory damages pursuant to 73 P.S. Section 201.9-2(a);

(h)     Treble damages pursuant to 73 P.S. Section 201-9.2(a)

Plaintiff's attorney fees continue to accrue as the case move forward.

(i)     All other relief that the Court deems just and proper.

Respectfully Submitted,
BLITSHTEIN & WEISS, P.C.

By: _____
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff

Date: 12/26/2013



Exhibit "A"